UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN, | No. 2:16-cv-0575 CKD P |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

I. <u>Introduction</u>

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. <u>Screening Standard</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

////

////

III. Discussion

A. Allegations

The complaint names eight defendants, including the California Department of Corrections and Rehabilitation (CDCR), the City of Sacramento, medical and correctional staff at CDCR, and plaintiff's attorney in a 2013 hearing pursuant to Cal. Penal Code § 2602, providing that CDCR may seek a court order authorizing the administration of long-term involuntary psychiatric medication to inmates who meet certain criteria. (ECF No. 1.)

The complaint concerns events between September 2011, when plaintiff was assigned to a side-by-side bed despite his alleged medical need for a lower bunk; through his July 2013 hearing pursuant to § 2602, at which plaintiff's psychiatrist allegedly committed perjury; through March 2016. (Id.)

Plaintiff alleges he has a disability that requires him to be housed in a lower tier bunk bed. (Id. at 8.) Despite this, he was housed in cells with side-by-side bunks for many months, which caused him to experience severe mental problems. (Id.) In April 2014, he was granted single-cell status, but this status was revoked in February 2015. (Id. at 18.) In September 2015, plaintiff was assigned to a regular bunk bed, but in January 2016, he was reassigned to a side-by-side bed despite his mental health concerns. (Id.)

Plaintiff further alleges that, after being deemed a grave danger to himself by a prison psychiatrist, he was forced to take psychiatric mediation that "had the potential to make his condition worse." (Id. at 9.) He alleges that his city-appointed attorney at the § 2602 hearing rendered ineffective assistance, and that plaintiff "has spent (and continues to spend) years . . . taking medication forcibly that has been proven . . . ineffective and truly harmful" to his mental and medical health. (Id. at 9-10, 20.)

Plaintiff claims that defendants violated his rights under the Americans with Disabilities Act and the Rehabilitation Act; his federal right to due process in his § 2602 hearing; and his Eighth Amendment right not to be placed in inhumane conditions of confinement. (Id. at 28-38.)

In addition to damages, plaintiff seeks the following injunctive relief:

> A temporary restraining order directing CDCR's administration and

3

> mental health staff to single-cell status him, refrain from any punishment that can gravely impact his mental or medical illness or make such condition worse, to refrain from providing him with Zoloft and Remeron medication or any other medication until a full hearing can be made, and to provide plaintiff with 'alternative treatment' besides mediation that will adequately help address or hopefully cure his medical abnormality.

(Id. at 26.)

Records attached to the complaint include the state Attorney General's January 20, 2016 informal response to plaintiff's petition for habeas corpus in the California Court of Appeal, Third Appellate District. (Id. at 44-46.) The state petition challenges "the finding of an administrative law judge authorizing [CDCR] to treat [plaintiff] with involuntary psychotropic medication." (Id. at 44, citing In re Robert Coleman, Case No. C080736.)

B. Analysis

1. Involuntary Medication Claims

State court records attached to the complaint indicate that plaintiff is currently pursuing remedies in the state courts concerning the § 2602 decision authorizing CDCR to administer long-term involuntary medication to him. See § 2602(c)(7)(C) (providing that the inmate "has a right to contest the finding of an administrative law judge authorizing treatment with involuntary medication by filing a petition for writ of administrative mandamus pursuant to Section 1094.5 of the Code of Civil Procedure, and his or her right to file a petition for writ of habeas corpus with respect to any decision of [CDCR] to continue treatment with involuntary medication after the administrative law judge has authorized treatment with involuntary medication.").

As to plaintiff's instant claims concerning the § 2602 hearing and decision, various abstention doctrines counsel against this court's involvement at this time. Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). This doctrine would

apply in this case to the extent the state court has already ruled on the issues raised in the complaint. Under the Younger abstention doctrine, federal courts are barred from hearing a civil rights claim arising from an ongoing criminal prosecution. See Younger v. Harris, 401 U.S. 37 (1971). While the state court proceedings in this case are civil, the notions of comity implicit in the Younger abstention doctrine nonetheless apply. Specifically, to the extent the state court has not had a chance to consider plaintiff's constitutional arguments concerning his § 2602 proceedings, it should have the first chance to do so and, if appropriate, correct any violation.

Thus plaintiff's involuntary medication claims should be dismissed.

2. Housing Claims

Plaintiff's allegations that he was denied medically necessary bunk-bed housing are similar to his allegations in an earlier-filed action, Coleman v. California Department of Corrections and Rehabilitation, et al., No. 2:13-cv-1021 JAM KJN P (E.D. Cal.). In that action, plaintiff's Second Amended Complaint claimed that

> he was discriminated against, in violation of § 504 of the Rehabilitation Act, based on his mental or physical disability, when defendant Haring denied plaintiff bunk-bed cell housing, and insisted on housing plaintiff in side-by-side beds, despite a doctor's note confirming plaintiff's mental health would be negatively impacted by such housing. Plaintiff suffers from the mental impairment of paranoid schizophrenia[.]
>
> Also, plaintiff alleges that defendant Haring was deliberately indifferent to plaintiff's conditions of confinement, in violation of the Eighth Amendment, by defendant Haring's continued efforts to place plaintiff in the side-by-side bed cell . . . Plaintiff also claims that defendant Haring's actions resulted in plaintiff's subsequent mental breakdown.

(Id., ECF No. 67 at 1-2.) At screening, the court found plaintiff stated potentially cognizable claims for relief against Haring under the Rehabilitation Act and Eighth Amendment. (Id., ECF No. 67 at 3.) However, on December 9, 2015, plaintiff's claims against Haring were dismissed without prejudice based on plaintiff's failure to exhaust administrative remedies. (Id., ECF Nos. 67 & 77.)

In the instant action, plaintiff makes similar allegations against Haring concerning events in September 2011. (ECF No. 1 at 15-16.) He also alleges that defendant Warden Virga took no

1   action in response to plaintiff's subsequent requests to be returned to bunk-bed housing. (Id. at
2   16-17.) Plaintiff asserts that he exhausted administrative remedies as to his housing claims
3   against Haring and Virga in Log No. SAC-13-02-151. (Id. at 37.) However, in the earlier-filed
4   action, this appeal was not mentioned in the court's detailed discussion of exhaustion of remedies
5   for plaintiff's housing claims. See Coleman, No. 13-cv-1021 JAM KJN, ECF No. 67. In fact, as
6   to defendant Haring, the court stated:

> Defendants provided undisputed evidence that plaintiff did not exhaust his administrative remedies . . . through the third level of review, and plaintiff concedes that he did not exhaust his claims as to defendant Haring through the third level of review.

10  (Id., ECF No. 67 at 19.) The court concluded that "plaintiff should not be excused from the
11  exhaustion requirement" and that his claims against Haring should be dismissed for failure to
12  exhaust. (Id., ECF No. 67 at 20.)
13      In sum, plaintiff's instant housing claims are duplicative of claims dismissed five months
14  ago in an earlier-filed action. He supplies no evidence that, in the interim, he has exhausted
15  administrative remedies as to these claims. Thus, plaintiff's housing claims should also be
16  dismissed.
17  IV.  Motions for Temporary Restraining Order
18      Plaintiff has filed two motions seeking a temporary restraining order. (ECF Nos. 2 & 6.)
19  In the first, he seeks an order barring CDCR mental health staff "from compelling him to take
20  medication that has proven to be harmful to his mental health" and granting him single-cell status
21  for mental health reasons. (ECF No. 2 at 2.) Similarly, in the second motion, he seeks an order
22  compelling prison officials to provide him "alternative treatment besides medication" and to grant
23  him single-cell status. (ECF No. 6 at 7.)
24      As all the claims in the complaint are subject to dismissal, plaintiff's motions for
25  injunctive relief will be denied.
26  V.  Leave to Amend
27      Plaintiff will be granted one opportunity to amend the complaint. If plaintiff chooses to
28  amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted

in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

////

////

5. Plaintiff's motions for temporary restraining order (ECF Nos. 2 & 6) are denied.

Dated: May 18, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / cole0575.14.new