UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA m

| | |
|---|---|
| ROBERT E. COLEMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No.  2:16-cv-0575 JAM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se with a complaint pursuant to 42 U.S.C. § 1983.  On May 18, 2016, plaintiff's original complaint was dismissed, and plaintiff was granted leave to file an amended complaint.  (ECF No. 7.)  Upon reconsideration, the May 18, 2016 order was affirmed by the district court.  (ECF No. 12.)  Plaintiff's amended complaint is now before the court for screening.  (ECF No. 13.)  See 28 U.S.C. § 1915A(a).

　　　　Having reviewed the amended complaint, the undersigned concludes that it fails to cure the defects discussed in the May 18, 2016 screening order.  That order found that plaintiff's housing claims against defendant Haring were "duplicative of claims dismissed . . . in an earlier-filed action" for failure to exhaust administrative remedies.  (ECF No. 7 at 6.)

　　　　In the amended complaint, plaintiff asserts that he exhausted his housing claims in appeal No. SAC-S-13-2151, citing documents filed in the earlier-filed action, No. 2:13-cv-1021 JAM KJN P (E.D. Cal.) ("Coleman I"), which is still being litigated.  (ECF No. 13 at 26.)   The

1

1  undersigned has reviewed these administrative appeal documents, which concern a decision by
2  the prison classification committee to approve plaintiff for double-cell housing.  Coleman I, ECF
3  No. 27 at 43-52.  Notably, these documents were part of the record in Coleman I before the court
4  determined on summary judgment that plaintiff failed to exhaust administrative remedies as to
5  Haring.  See Coleman I, ECF Nos. 67 & 77.  Thus, plaintiff's amended complaint does not cure
6  the original complaint's defects as to Haring.

7  Warden Virga allegedly failed to respond to plaintiff's October 2011 letter about being
8  double-celled. (ECF No. 13 at 17.)  Supervisory personnel are generally not liable under §1983
9  for the actions of their employees under a theory of respondeat superior and, therefore, when a
10 named defendant holds a supervisorial position, the causal link between him and the claimed
11 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th
12 Cir. 1979).  The amended complaint does not state a claim as to this defendant.

13 Moreover, the claims in the amended complaint are generally duplicative of housing
14 claims asserted in Coleman I.  See ECF No. 7 at 5.  A settlement conference in that action is set
15 for March 2, 2017.  Coleman I, ECF No. 121.

16  For these reasons, and because it appears that another round of amendment would be
17 futile, the undersigned will recommend dismissal of this action.

18 Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without
19 prejudice and this case closed.

20 These findings and recommendations are submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
22 after being served with these findings and recommendations, plaintiff may file written objections
23 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
24 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
25 ////
26 ////
27 ////
28 ////

1 | time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
2 | (9th Cir. 1991).
3 | Dated: January 24, 2017

*[signature]*

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 /cole0575.fac_fr